UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE


| | | |
|---|---|---|
| FLOYD COMBS, as Administrator of the Estate of RHONDA COMBS, Deceased ; FLOYD COMBS, Individually, as the Husband of RHONDA COMBS, and as next Friend of ELIZABETH AND RUSSELL COMBS, the Minor Children of RHONDA COMBS, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | NO. 2:04-CV-306 |
| UNITED STATES OF AMERICA | ) ) | |
| Defendant. | ) ) | |

## **MEMORANDUM OPINION AND ORDER**

This medical malpractice case is before the Court on the "United States' Motion to Dismiss the Consortium Claims of Floyd Combs, Elizabeth Combs and Russell Combs and to Dismiss All Claims For Wrongful Death in Accordance with Fed. R. Civ. P. § 12(b)(1)." [Doc. 49]. Plaintiffs have responded [Doc. 68] and the United States has filed a reply. [Doc. 71]. The matter is now ripe for disposition. For the reasons which follow, the motion will be GRANTED in part and DENIED in part.

I.      **Procedural Background:**

On August 27, 2004, this medical malpractice case was filed against the United States by the surviving spouse of Rhonda Combs, individually and on behalf of her estate, and on behalf of her two minor children. The complaint alleges malpractice on the part of two physician employees of Rural Medical Services who provided care to Rhonda Combs during her pregnancy, the birth of her child and after her delivery. Plaintiffs allege numerous acts of medical negligence on the part of these physicians and allege that, as a result of the negligence, Rhonda Combs suffered serious and debilitating injuries and, ultimately, her death. Plaintiffs allege acts of negligence occurring between June 27, 2002, and July 5, 2002.

On October 7, 2003, the attorney for Rhonda Combs submitted a Standard Form 95 (Claim For Damage, Injury Or Death) to the United States Department of Health and Human Services ("HHS"). The claimant on the Form 95 was "Rhonda Combs, by Next Friend and Guardian, Floyd Combs," and alleges the same acts of negligence later set forth in the complaint filed in the instant action.

While the administrative claim was pending with HHS, Rhonda Combs died on April 4, 2004. The instant civil action was filed on August 27, 2004. On November 12, 2004, HHS formally denied the administrative claim. The November 12 denial

letter mentioned the filing of the federal court complaint.[1] The United States answered the complaint on January 7, 2005, and alleged that the court lacked subject matter jurisdiction over the claims asserted on behalf of the minor children on the grounds that no administrative claim was filed on their behalf as required by 28 U.S.C. § 2675. The United States also asserted lack of subject matter jurisdiction over plaintiff's wrongful death claim for failure to exhaust administrative remedies.

During the pendency of the complaint in this Court, several scheduling orders have been entered as the result of scheduling conferences participated in by counsel for plaintiffs and the United States. All of these orders – on March 2, 2005, July 21, 2006 and May 24, 2007 – stated that jurisdiction "is not in dispute." Pursuant to the Court's orders, all dispositive motions were required to be filed by September 15, 2006. The present motion was filed September 28, 2007, 61 days before the then scheduled trial.

## II. Discussion and Analysis:

### 1. The Federal Tort Claims Act

The doctrine of sovereign immunity prohibits suits against the United States unless Congress has consented to the government being sued. *See Montez v. United*

---

[1] The denial letter states: "On August 27, 2004, you filed suit on behalf of your clients in the United States District Court for the Eastern District of Tennessee."

*States*, 359 F.3d 392, 395 (6th Cir. 2004) (citing *United States v. Orleans*, 425 U.S. 807, 814 (1976)). Through its enactment of the Federal Tort Claims Act ("FTCA"), Congress has waived, to a limited extent, the United States' immunity from suits:

> For injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1).

As a prerequisite to filing suit, however, against the United States, claimant must first present his claim administratively to the appropriate federal agency. "An action shall not be instituted upon a claim against the United States for money damages . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency . . ." 28 U.S.C. § 2675(a). Failure of the agency to make a final disposition of a claim within six months may be deemed by the claimant to be a final denial. *Id.* The claim "shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years" of accrual and suit is filed within six months of a final denial. 28 U.S.C. § 2675(b). The filing of a written claim with the appropriate Federal agency is thus a jurisdictional prerequisite for filing a civil suit under FTCA. *McNeal v.*

*United States*, 508 U.S. 106 (1993); *Executive Jet Aviation, Inc. v. United States*, 507 F.2d 508, 514 - 15 (6th Cir. 1974). If the jurisdictional prerequisite has not been met, then this Court lacks subject matter jurisdiction.

**2.     Timeliness of the Motion**

As a preliminary matter, plaintiffs argue that the motion of the United States is untimely and move to strike the motion. It is undisputed that the government's motion was filed beyond the deadline for the filing of dispositive motions. Likewise, it is undisputed that all scheduling orders previously entered by the Court in this case contained a statement that subject matter jurisdiction is "not in dispute." All of these orders were unobjected to by the United States. Plaintiffs also argue that the government should now be bound by its "affirmative representations" made to the Court and urges the Court to find that the government has now stipulated to subject matter jurisdiction.

It is well established, however, that lack of subject matter jurisdiction is a non-waivable defect which may be raised by any party at any time – pretrial, at trial or on appeal. *Campanella v. Commerce Exchange Bank*, 137 F.3d 885 (6th Cir. 1998); *Von Dunser v. Aronoff*, 915 F.2d 1071, 1074 (6th Cir. 1990); *Hess v. Hess*, 950 F. Supp. 226 (E.D. Tenn. 1996). "[T]he federal courts have made it clear beyond per-adventure that not only is it impossible to foreclose the assertion of this defense [lack

5

of subject matter jurisdiction] by the passage of time or the notion of estoppel, but also it is impossible to cure or waive a defect of subject matter jurisdiction by consent of the parties." *Wright & Miller*, *Federal Practice and Procedure*: Civil 3d § 1393.

The government's motion, therefore, is not untimely and the Court cannot refuse to entertain it. Likewise, the United States cannot be estopped from raising the defense, which can be raised at any time; nor can the United States be bound by its prior acquiescence as to subject matter jurisdiction, despite what might be perceived as the unfairness of permitting the United States to raise the defense at this late date in the proceeding. Thus, the Court will consider the merits of the motion.

**3.    The loss of consortium claims of Floyd Combs, Elizabeth Combs and Russell Combs.**

It is undisputed that the Form 95 filed on October 7, 2003, did not mention Floyd Combs' loss of consortium claim nor did it mention any claim on behalf of Rhonda Combs' minor children, Elizabeth and Russell. Because these plaintiffs failed to file an administrative claim within two years of the time their claims accrued, the government now argues that their claims are barred and this Court lacks subject matter jurisdiction over their claims. Plaintiffs, on the other hand, claim that the agency had actual notice of these claims because of receipt of a copy of the federal court complaint and that failure to strictly comply with the administrative procedures of 28 U.S.C. § 2675 should not be fatal to their claims.

The United States relies on *Rucker v. Dept. of Labor*, 798 F.2d 891 (6th Cir. 1986), a case very similar to the instant case factually. In *Rucker*, the claimant filed a Form 95 in connection with his fall and resulting personal injuries. Suit was later filed on behalf of Rucker, his wife and two minor children. Although Rucker's wife had been identified as such in the claim form, the children were not identified anywhere on the Form 95. The Sixth Circuit held that both the wife's claim for loss of consortium and the children's claims were barred and that "they have not substantially complied with the jurisdictional requirements of 28 U.S.C. § 2675(a)." *Rucker*, 878 F.2d at 893.

Plaintiffs seek to distinguish *Rucker* factually, arguing that, in *Rucker*, the administrative agency had no notice of the potential claims of the spouse and children while here the government admits to having actual notice of the wrongful death and loss of consortium claims. Plaintiffs rely primarily on several district court opinions holding that the notice requirement is met under circumstances where the agency in fact has actual knowledge of the claims.[2] Three of the cases relied on by the plaintiffs, *Bleu v. United States*, 567 F. Supp. 394 (D. Conn. 1983), *Santos v. United States*, 525 F. Supp. 982 (D. P. R. 1981) and *Young v. United States*, were also relied

---

[2] As pointed out in the reply brief of the United States, the cases cited by the plaintiffs have, in large part, been called into question by later decisions, overruled, or are factually distinguishable. To the extent that these district court cases do hold that no separate claim is required for each individual claimant, this Court does not find those holdings persuasive and declines to follow them.

7

upon by the Rucker plaintiffs but were distinguished from the facts in *Rucker* on the basis that "the government in those cases had actual notice of the nature and amount of the claim." *Rucker*, 798 F.2d at 893-94. Thus, the language in *Rucker* itself lends some support to plaintiffs' position.

Plaintiffs reliance on these district court cases, however, is misplaced for several reasons. First of all, plaintiffs have not shown that the agency (HHS) had actual notice of the <u>nature and amount</u> of plaintiffs' individual claims and the burden of proving jurisdiction is on plaintiffs. *See Madison–Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir. 1996). In an effort to prove actual notice, plaintiffs rely on two documents – the declaration of Daretia Hawkins, a staff attorney in the office of general counsel at HHS, and the November 12, 2004 denial letter. The Hawkins' affidavit states that "[w]hile the [administrative] claim was under consideration, Plaintiffs filed the instant action on August 27, 2004. The agency therefore denied the claim on November 12, 2004 . . . ." The November 12 denial letter, addressed to plaintiffs' attorney states: "On August 27, 2004, you filed suit on behalf of your clients in the United States District Court for the Eastern District of Tennessee." From this, plaintiffs conclude that "[a] copy of the complaint was apparently provided to the agency . . ." *See* Doc. 68, p. 10. At best, this establishes only that the agency had notice that a complaint had been filed, not that a copy had been provided to the

8

agency. More importantly, these documents do <u>not</u> establish that the agency had notice of Rhonda Combs' death or the nature of any claims made on behalf of the minor children or Floyd Combs, individually.

Secondly, all the district court cases cited by plaintiffs give a liberal construction of the notice requirements of the FTCA, contrary to the accepted proposition that the FTCA is to be construed strictly in favor of the government. *United States v. Williams*, 514 U.S. 527 (1995); *United States v. Sherwood*, 312 U.S. 580, 590 (1941); *Chomic v. United States*, 377 F.3d 607, 615 (6th Cir. 2004). In addition, in almost all of those cases, it was the affected agency, not the "government" in general, which had actual notice. For instance, in *Bleu*, the district court held that the "jurisdictional requirements of 2675(a) are satisfied when the <u>appropriate agency</u> is given sufficient written notice . . ." *Bleu*, 567 F. Supp. at 397 (emphasis added). At most, plaintiffs can show that notice of the nature of plaintiffs' individual claims was given to the Department of Justice and the United States Attorney, but not to HHS. The appropriate federal agency is defined by 28 U.S.C. § 2671 as the agency whose activities gave rise to the claim. To the extent that plaintiffs argue that the filing of a complaint in federal court complies with the notice requirements of § 2675, this Court rejects that proposition. To so find would render completely meaningless the plain and explicit language of § 2675. The language of the FTCA is mandatory and

9

does not give this Court discretion to excuse noncompliance.

The decision of the Sixth Circuit in *Rucker* is controlling in this case. The claims of the spouse and children for loss of consortium are barred unless they have complied with the jurisdictional requirements of 28 U.S.C. § 2675(a). *See also Allen v. United States*, 517 F.2d 1328 (6th Cir. 1975); *Barnes v. United States*, 2005 WL 1801613 (E.D. Tenn., No. 3:04-CV-489, Varlan, J.). Plaintiffs also suggest that minor surviving children are not required to file a separate claim. Where there are multiple claimants, notice of each claimant must be included along with the nature and amount of their claim. That some of the claimants are minors has no bearing on the time for the accrual of their claims, as the FTCA contains no exception for infants. *Cluesman v. United States*, 2000 WL 869603 (E.D. Tenn., No. 2:06-CV-39); *Foote v. Public Housing Com'r of The United States*, 107 F. Supp. 270 (W.D. Mich. 1952). *See also Chomic*, 377 F.3d 607 (holding that decedent's mental incompetency does not toll the statute of limitations in 28 U.S.C. § 2401(b) and that § 2401(b) "contains no savings clause for disabilities of <u>any</u> kind.") (emphasis added).

Plaintiffs also argue that, in an FTCA case, "the district court applies local law to determine liability and to assess damages," citing *Palmer v. United States*, 146 F.3d 361, 366 (6th Cir. 1998). This is a correct statement of the law; however, it is completely irrelevant here because FTCA's procedural and jurisdictional requirements

preempt state law. *Chomic*, 377 F.3d at 611. Plaintiffs also correctly argue that loss of consortium claims are not stand alone claims, but rather derivative claims, in Tennessee death cases. Once again, however, this is irrelevant since the FTCA's procedural and jurisdictional requirements clearly require each claimant to submit his or her own administrative claim.

The loss of consortium claims will be DISMISSED.

### 4. The wrongful death claim.

The government seeks dismissal of the wrongful death claim for the same reasons it sought dismissal of the consortium claims. The wrongful death claim is more problematic, however, because with the consortium claims no administrative claims had been filed for any of the individual plaintiffs. A claim was filed by Rhonda Combs before her death. It specifically identified the nature of her claim, *i.e.* acts of medical malpractice committed between June 27, 2002 and July 5, 2002, and contained a demand for a sum certain of damages – $25 million.

As set forth above, each claimant must individually submit his or her own administrative claims. That requirement has been met on behalf of Rhonda Combs. Her claim sets forth the facts underlying her claim of negligence by the government physicians and sets forth in detail the specific acts of negligence alleged. The Form 95 submitted states the amount of the total claim as $25 million. Questions 12a, 12b

and 12c on the form ask for the amount of the claim for property damage, personal injury or wrongful death. The responses are: Personal injury – 25 million; wrongful death – none.

Clearly HHS was provided sufficient facts to warrant an agency investigation and notice of plaintiff's theory of recovery, *i.e.* medical malpractice. Just as clearly, the form indicated no claim for wrongful death. The question, therefore, is whether Rhonda Combs' death, subsequent to the filing of the Form 95, constitutes a separate and distinct "claim" requiring an amended or separate administrative claim to be filed. The agency must be aware of each separate claim and given an opportunity to investigate each separate claim. *Ryan v. United States*, 457 F. Supp. 400, 403 (W.D. Pa. 1978).

Neither party has directed the Court's attention to any authority directly on point. If the claim for "wrongful death" is a separate and distinct claim, then it was not included on the Form 95 submitted and the claim is barred. On the other hand, the form contains all the information necessary to warrant an HHS investigation and clearly informs the agency of the negligence alleged. What would notice of Rhonda Combs' death have informed the agency that it needed to conduct its investigation? Nothing that is apparent. Indeed, information that the alleged negligence subsequently resulted in Rhonda Combs' death would necessarily have been revealed by even a

12

cursory investigation by HHS and that fact does not increase the amount of potential damages sought.³ The same amount is sought in both the claim form and the complaint filed in this Court.

This Court's independent research indicates that the Eleventh Circuit and several district courts have considered the question presented in this case. In *Brown v. United States*, the Eleventh Circuit held that the filing of another claim after the victim had filed a personal injury claim and had died was not required before a personal representative could bring a wrongful death claim against the United States. *Brown v. United States*, 838 F.2d 1157 (11th Cir. 1988). The court's rationale applies equally to this case:

> In this case, the claim filed by Charlie Brown provided the VA with the facts necessary to conduct a full investigation of the underlying circumstances. Requiring the appellee to exhaust the administrative claim procedure again would serve no useful purpose. It is unlikely that the agency would conduct a second investigation or otherwise act any differently.

*Brown*, 838 F.2d at 1161.

The question has also been considered by the United States District Court for the Middle District of North Carolina in a case basically "on all fours" with the instant

---

³ In fact, the potential cost of caring for Mrs. Combs and paying for her stay in a nursing home for the rest of a normal life likely exceeds the pecuniary value of her life.

case. In *Nelson v. United States*, Nelson alleged that she had suffered personal injury as the result of a swine flu vaccine inoculation. She filed an administrative claim with the United States Public Health Service and subsequently filed a complaint in the district court. During the pendency of the district court action, Nelson died and her executor was substituted as a party plaintiff in the action. The executor moved to amend the complaint to allege that Nelson's death was the proximate result of the personal injury caused by the vaccine. The United States opposed the motion, contending that pursuant to 28 U.S.C. § 2675(a) the court lacked jurisdiction to entertain the wrongful death claim because it had never been presented to the United States Public Health Service administratively. The court rejected the government's contention, noting that the government agency had become aware "by virtue of the decedent's administrative claim of the plaintiff's theories of liability and of the facts upon which she asserted liability." Under those circumstances, the court indicated that requiring plaintiff to file a second and nearly identical claim would run contrary to the purposes of § 2675(a) and the function of § 2675(b). *Nelson v. United States*, 541 F. Supp. 816 (M.D. N.C. 1982).

This Court finds this reasoning to be persuasive. Upon the filing of the administrative claim by Rhonda Combs before her death, HHS had all of the facts and information necessary to investigate the claim and to evaluate the incident out of

14

which the lawsuit arose and satisfy itself as to whether or not the alleged personal injuries were caused by the negligence of the physicians. If the administrative investigation revealed no causal connection between the acts of the physicians and the injuries suffered by Rhonda Combs, the claim would be denied. If the investigation revealed a causal link between the alleged acts of negligence and her personal injuries and death, then the agency could evaluate the case and respond by settlement, if it wished. The fact that the complaint in this Court also seeks damages related to Rhonda Combs' wrongful death in an amount no greater than the amount originally sought on her administrative claim shows that the agency was prejudiced in no way by the failure of the plaintiffs to file an amended claim form alleging her wrongful death.[4]

The motion to dismiss the wrongful death claim will be DENIED.

### III. Conclusion

For the reasons set forth herein, the motion of the United States to dismiss the consortium claims of Floyd Combs, Elizabeth Combs and Russell Combs is **GRANTED** because this Court does not have subject matter jurisdiction over those claims. The consortium claims are **DISMISSED WITH PREJUDICE**. The

---

[4] Carried to its logical end, the government's position here would require a plaintiff to file an administrative claim specifically stating every item of damage suffered by an aggrieved claimant. The FCTA does not require that.

United States' motion to dismiss the claim for wrongful death, however, is

**DENIED.**

      SO ORDERED.

      ENTER:


                                              s/J. RONNIE GREER
                                    UNITED STATES DISTRICT JUDGE